**BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: LENS.COM MARKETING AND SALES PRACTICES LITIGATION | MDL No. 3151 |

**RESPONSE OF PLAINTIFF OREN FRANKS IN OPPOSITION TO THE
MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS**

Pursuant to Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("the Panel"), Plaintiff Oren Franks, as putative class representative in *Franks v. Lens.com, Inc.*, No. 2:24-cv-00724-JAD-NJK (D. Nev.) respectfully submits this Interested Party Response to oppose Movant-Defendant Lens.com, Inc.'s ("Movant-Defendant") Motion filed before the Panel to create a multidistrict litigation ("MDL") pursuant to 28 U.S.C. § 1407.

Plaintiff Oren Franks opposes Movant-Defendant's motion because alternatives to centralization and transfer exist and those alternatives are, on balance, superior to creation of an MDL. In total, there are only six actions[1] pending (collectively, the "Related Actions") concerning this subject matter, four[2] of which have already been consolidated in the District of Nevada. There remains a pending motion to transfer the *Gonneville* matter to the District of Nevada, and if that motion is granted, only a single action will remain outside the District of Nevada. In consideration of the relatively small number of Related Actions and judicial districts involved, the formal consolidation efforts already undertaken, and the fact that viable alternatives to Section 1407 transfer and centralization exist (namely, consolidation under Section 1404 and other informal cooperation), the

---

[1] The actions are as follows: 1) *Franks v. Lens.com Inc.*, originally filed in the District of Nevada ("Franks"); 2) *Nail v. Lens.com, Inc.*, originally in the Central District of California ("Nail"); 3) *Fitzpatrick v. Lens.com, Inc.*, originally filed in the Northern District of Illinois ("Fitzpatrick"); 4) *Martin v. Lens.com, Inc.*, originally filed in the Southern District of Florida ("Martin"); and 5) *Gonneville v. Lens.com, Inc.*, originally filed in the District of Massachusetts ("Gonneville"). *Martin's* Florida statutory fraud claim was severed and remains in the District of Florida, thereby creating a sixth case.

[2] *Nail*, *Fitzpatrick* and part of the *Martin* case have all been transferred to the District of Nevada and consolidated with the *Franks* case.

1

Panel should deny Movant-Defendant's motion to create an MDL.

There are three criteria for transfer and centralization under 28 U.S.C. § 1407(a):

1. The actions must share common issues of fact;
2. Transfer must be for the convenience of parties and witnesses; and
3. Transfer must advance the just and efficient conduct of the actions.

Proceeding under Section 1407 "should be the last solution after considered review of all other options." *In re Best Buy Co., Inc. California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Those other options include voluntary cooperation or coordination among the parties and involved courts. Thus, "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization." *In re 3M Co. Lava Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d 1347, 1347-48 (J.P.M.L. 2016) (quoting *In re Gerber Probioitc Prods. Mktg. & Sales Practices Litig.*, 899 F.Supp. 2d 1378, 1380 (J.P.M.L 2012)); *see also In re General Motors LLC Chevrolet Bolt EV Battery Prods. Liab. Litig.*, 532 F.Supp. 1413, 1415 (same). "Even where a Section 1404 transfer motion is contested, such a prospect nonetheless exists, particularly where few judicial districts are involved." *In re Allianz Structured Alpha Funds Litig.*, 544 F.Supp. 3d 1361, 1362 (J.P.M.L. 2021).

Here, Plaintiff does not dispute that there are common issues of fact surrounding the claims at issue; however, such questions of fact are not "sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer." *In re Oxycontin Prods. Liab. Litig.*, 395 F. Supp. 2d 1358, 1359 (J.P.M.L. 2005) (denying transfer). Further, transfer and centralization does not advance the just and efficient conduct of the actions. There is undoubtedly a "reasonable prospect" that the resolution of a Section 1404 motion would eliminate the multidistrict character of a litigation, and as such would be preferable to proceeding under Section 1407. This is particularly true because the majority of the Related Actions are already before the same judicial district, and only two other judicial districts are currently involved.

2

To this end, Plaintiff's counsel have already been in communications with plaintiff counsel in all Related Actions and have engaged in discussions regarding coordination, demonstrating a willingness to coordinate informally.

**A.      Creation of an MDL will not advance the just and efficient conduct of the actions.**

Centralization will not further just and efficient conduct of litigation where there is reasonable prospect that resolution of pending *or* anticipated § 1404 motions would eliminate the multidistrict character of the litigation. *See In re Allianz Structured Alpha Funds Litigation,* 544 F. Supp. 3d at 162 (finding centralization would not further just and efficient conduct of litigation where common defendant filed § 1404 motion to transfer lone California action to New York district where remaining 15 actions were pending); *see also In re General Motors LLC Chevrolet Bolt EV Battery Prods. Liab. Litig.*, 532 F. Supp. 3d at 1415 (J.P.M.L. 2021) (denying transfer where there was reasonable prospect that resolution of pending and anticipated § 1404 motions would eliminate multidistrict character of a litigation). Here, four of the six matters are already consolidated in the District of Nevada and there is a chance that a fifth case is transferred and consolidated in the near future.

Nor is the number of cases involved is so large that centralization under 28 U.S.C. § 1407 is necessary. Here, there are only six Related Actions, and of those cases, four have already been consolidated in the District of Nevada, and only two other Districts are involved. This case is almost a perfect analogue in this respect to the proposed MDL in *In re Gen. Motors LLC Chevrolet Bolt EV Battery Prods. Liab. Litig.*, where the Panel found that the fact that there were only eight actions at issue, and five of those actions were in the same judicial district justified denying the Section 1407 motion because transfer of the three outlying actions would "significantly reduce or even eliminate the multidistrict character of this litigation." *See* 532 F. Supp. 3d at 1414 (J.P.M.L. 2021); *see also DaimlerChrysler Corp. Seat Belt Buckle Prods. Liab. Litig.*, 217 F.Supp. 2d 1376, 1377 (J.P.M.L. 2002) ("Given the minimal number of actions involved in this docket, movant has failed to persuade us that any common questions of fact are sufficiently complex to warrant Section 1407 centralization). Nor

3

can the prospect of future cases that might be filed, but have not yet been filed, lend any support to Movant-Defendant's request for MDL centralization. *See In re Zimmer, Inc. v. Centralign Hip Prosthesis Prods. Liab. Litig. (No. II)*, 366 F. Supp. 2d 1384, 1385 (J.P.M.L. 2005) ("Proponents of transfer have alluded to the prospect of additional actions that are or may soon be pending in additional districts as a reason for ordering centralization. We note, however, that such actions are not now before the Panel, and their pendency does not create a persuasive reason for transfer of the five Connecticut actions that are.")

Further Plaintiff Oren Franks's opposition to the motion to transfer and centralize is itself a factor that weighs against transfer and centralization. *See, e.g., In re Kronos Customer Data Security Breach Litig.*, 619 F. Supp. 3d 1354, 1355 (J.P.M.L. 2022) (declining to centralize where 4 out of 5 plaintiffs and both defendants opposed centralization); *In re Accellion, Inc., Customer Data Security Breach Litig.*, 543 F. Supp. 3d 1372 (J.P.M.L. 2021) (denying transfer where all responding parties except two tag-along plaintiffs opposed centralization); *In re Baby Food Marketing, Sales Practices and Products Liab. Litig.*, 544 F. Supp. 3d 1375, 1377 (J.P.M.L. 2021) (citing "strong opposition of numerous plaintiffs and defendants" and remarking "[t]ellingly, centralization is opposed by plaintiffs in 39 actions"); *see also In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, 273 F. Supp. 3d 1357, 1358 (J.P.M.L. 2017) ("Critically, not a single party to any of the six actions pending outside the District of South Carolina supports centralization."). For the foregoing reasons, creation of an MDL will not advance the just and efficient conduct of the actions.

**B.     There is a reasonable prospect of informal cooperation or consolidation under Section 1404 such that centralization and transfer under Section 1407 is not appropriate at this stage.**

As set forth above, many of the involved parties have already begun informal cooperation, in the form of discussions amongst counsel for plaintiffs regarding coordination. Because centralization under Section 1407 should be used as a "last solution" it would be wholly inappropriate now where

five out of the six Related Actions may already be consolidated in the District of Nevada through the § 1404 process. *See, e.g.*, *In re 3m Co. Lava Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d at 1347-47; *In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d at 1380; *In re Dollar Tree Stores, Inc. Fair Lab Standards Act (FLSA) and Wage and Hour Litig.*, 829 F. Supp. 2d 1376, 1377 (J.P.M.L. 2011) ("[E]ither informal coordination among the parties and the courts or Section 1404 transfer, if appropriate, are preferable alternatives to Section 1407 centralization."). Even if these two other realities were not dispositive that Section 1407 transfer and centralization is not appropriate at this time, Section 1407 does not conserve judicial economy. A transfer under Section 1404 provides the District Court the option to consolidate the Related Actions for all purposes, including trial purposes, while centralization and creation of an MDL under Section 1407 would only permit consolidation or coordination for pretrial purposes. *See In re Allianz Structured Alpha Funds Litig.*, 544 F.Supp. 3d at 1362 ("Because Section 1404(a) transfer is for all purposes including trial, such transfer, where appropriate, can achieve efficiencies beyond those available under Section 1407.") (citing *In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 3d at 1380. While the four cases already in the District of Nevada are only currently consolidated for discovery purposes, the Court currently has the flexibility to consolidate for all purposes, including trial.

\* \* \* \*

Movant-Defendant's motion for transfer and centralization under Section 1407 should not be granted because viable alternatives exist that would better promote judicial economy and Section 1407 is meant to be used as a last resort. Even if this were not the case, creation of an MDL is opposed by at least some of the parties, and does not advance the just and efficient resolution of the Related Actions. For these reasons, Movant-Defendant's motion should be denied.

Dated:  February 26, 2025

        */s/ Matthew R. Mendelsohn*
        Matthew R. Mendelsohn
        MAZIE SLATER KATZ & FREEMAN, LLC
        103 Eisenhower Parkway
        Roseland, New Jersey 07068
        Tel: (973) 228-9898
        mrm@mazieslater.com

        Todd S. Garber
        FINKELSTEIN, BLANKINSHIP,
        FREI-PEARSON & GARBER, LLP
        One North Broadway, Suite 900
        White Plains, New York 10601
        Tel: (914) 298-3281
        tgarber@fbfglaw.com

        Craig B. Friedberg, Esq.
        LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
        4760 South Pecos Road, Suite 103
        Las Vegas, Nevada 89121
        Tel: (702) 435-7968
        attcbf@cox.net

        Amir J. Goldstein
        THE LAW OFFICES OF AMIR J. GOLDSTEIN, ESQ.
        7304 Beverly Boulevard, Suite 212
        Los Angeles, CA 90036
        Tel: (323) 937-0400
        ajg@consumercounselgroup.com

        *Attorneys for Plaintiff Oren Franks in*
        *Franks v. Lens.com, Inc., No. 2:24-cv-00724 (D. Nev.)*