UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LENS.COM MARKETING AND
SALES PRACTICES LITIGATION                                   MDL No. 3151

ORDER DENYING TRANSFER

**Before the Panel**:[*] Common defendant Lens.com moves under 28 U.S.C. § 1407 to centralize this litigation concerning processing fees charged to orders of contact lenses in the District of Nevada. This litigation consists of six actions pending in two districts, as listed on Schedule A.[1] All plaintiffs oppose the motion.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary at this time for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. All actions arise from allegations that defendant adds a processing fee that increases the total cost of orders beyond the advertised price of a particular box of contact lenses and fails to clearly communicate the charge to consumers during the checkout process. The actions will involve common questions of fact relating to the fees charged by defendant on its website, whether and how those fees were disclosed to consumers in the checkout process, and the harm suffered by consumers, if any. Plaintiffs bring putative nationwide or statewide class actions on behalf of consumers of contact lenses from defendant's website, most complaints assert similar claims under state consumer protection laws, and some assert claims for breach of contract and unjust enrichment. The actions, however, are pending in just two districts, four of them are consolidated before a single judge, and plaintiffs have stated their willingness to informally coordinate. Given the limited number of parties, counsel, and courts, we are not persuaded that the factual and legal issues presented are sufficiently complex to require centralization.

We have held that, "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization." *See, e.g.*, *In re 3M Co. Lava Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d 1347, 1347-48 (J.P.M.L. 2016) (quoting *In re Gerber Probiotic*

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The District of Nevada *Gonneville* action originally was pending in the District of Massachusetts but was transferred to the District of Nevada on March 10, 2025, under 28. U.S.C. § 1404.

- 2 -

*Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012)). As defendant notes, the Southern District of Florida has denied defendant's motion to transfer as to a single claim under the Florida Deceptive and Unfair Trade Practices Act, although the court transferred plaintiff's remaining claims to Nevada. Despite defendant's best efforts, there is no prospect of eliminating the multidistrict character of this litigation. Nevertheless, we view informal coordination of this single claim with the cases pending in the District of Nevada as feasible, particularly because plaintiff's two other claims already are pending in the District of Nevada. We continue to view centralization as "the last solution after considered review of all other options." *In re Baby Food Mktg., Sales Pracs. & Prods. Liab. Litig.*, 544 F. Supp. 3d 1375, 1377 (J.P.M.L. 2021).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: LENS.COM MARKETING AND**
**SALES PRACTICES LITIGATION**                    MDL No. 3151

## SCHEDULE A

<u>Southern District of Florida</u>

MARTIN v. LENS.COM, INC., C.A. No. 0:24−60489

<u>District of Nevada</u>

FRANKS v. LENS.COM, INC., C.A. No. 2:24−00724
ADAM NAIL v. LENS.COM, INC., C.A. No. 2:24−01149
MARTIN v. LENS.COM, INC., C.A. No. 2:24−02160
FITZPATRICK, ET AL. v. LENS.COM, INC., C.A. No. 2:24−02203
GONNEVILLE v. LENS.COM, INC., C.A. No. 2:24-01151